December, 1821.   Wm. D. Gaines and others *against* the President, Directors and Co. of the Tombeckbee Bank.

1st. It is a matter
of discretion, and
not assignable as
Error, to allow, or
deny a motion, to
withdraw one,
and substitute
another plea in
abatement.

JUDGE *Saffold* delivered the opinion of the Court.

The first matter assigned as Error is, that the Court below overruled the plea in abatement, and denied the defendant's motion to withdraw it and file a different plea.

The purport of the plea overruled was, that all the de-

fendants against whom the writ issued, were not included in the declaration. The writ is not set out in the transcript of the Record, and the truth of the plea does not appear. By the Bill of Exceptions it appears, that the purport of the plea offered to be substituted, was, that the Corporation had not sued by attorney, appointed under its common seal. This motion of defendant's was addressed to the discretion of the Court. In denying it, there can be no Error. It would be unnecessary to notice this assignment further, but for the sake of settling a question embraced by it. This was an action of assumpsit, according to the course of the common Law. The plaintiff a Corporation, created by Statute. Admitting this to be subject to the same disabilities and incidents, as Corporations according to the course of the common Law, that it can act and speak only by its common seal, was it necessary that the Record should shew that the attorney of the Corporation acted, by authority of a warrant, under the corporate seal?

It was formerly necessary, that the attorney should produce, in every case, his warrant from the party he represented. It might be filed and entered of record at any time before Judgment.(a) This rule was found to be inconvenient, and has become obsolete; and now if an attorney takes upon himself to appear for another, the Court looks no further, but proceeds, on the presumption that he has sufficient authority, and leaves the party he represents, to his action, should it be otherwise.(b) If an attorney proceed in the name of a fictitious plaintiff, or without authority, it is a contempt punishable by the Court; and the party grieved would be entitled to recover damages commensurate with the injury. But the adverse party has no right to question his authority. It does not appear that it was ever necessary to make profert, in the declaration, of the warrant of attorney; or, that the failure to produce it was available by plea. It is true, the attorney of a Corporation must be appointed under its common seal, by which alone it can speak and act. But is there any reason for requiring this authority to appear in a suit by a Corporation more than in one by a natural person? In either case the authority of the attorney rests with the party he represents, and the Court. The adverse party has no right to question it. The Corporation cannot act *in pais*, but by its common seal, but, as much as a natural person, is estopped from denying the acts of its attorney of Record.

The defendants answered over, that the Note on which the action was founded, was without consideration. On the trial of the issue taken on this plea, they offered to prove by the Cashier, that the Note had not been discounted, and

DECEMBER, 1821.

Wm. D. Gaines and others
v.
The President, Directors & Co. of the Tombeckbee Bank.

2nd. When a Corporation sues according to the course of the common law, it is not necessary that the warrant of attorney should appear in the Record.

3rd. A party not having the books of the Corporation in his power, may, without notice to produce, &c. prove its transactions by other evidence.
(a) *Tidd's Pr.* 65.

(b) 1 *Sellon, p.* 93.

DECEMBER, 1821.

Wm. D. Gaines
and others
v.
The President,
Directors & Co.
of the Tombeck-
bee Bank.

that the Bank had given no consideration for it.    It appear-
ed that the Bank kept Books, in which its transactions were
stated, and that notice had not been given to produce them.
The evidence offered was rejected, and a Bill of Exceptions
taken, and this matter is also assigned as Error.    ·
· The Books of the Corporation were not, in themselves,
evidence.    To make them evidence, it must first have been
proved that they were regularly kept, a matter which the
defendants below could not have been presumed to know, or
required to prove.    For this Error the judgment must be
reversed, and the cause remanded for a new trial.

Judge *Lipscomb* having presided on the trial in the Cir-
cuit Court, did not sit in this cause.

*Toulmin* and *Salli*, for plaintiffs.

*Crawford*, for defendant in Error.